IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Civil Action No. 1:05-CR-156 |
| RICHARD KENT REEDER, | § § | JUDGE RON CLARK |
| *Defendant*. | § § § | |

## ORDER DENYING MOTION TO DISMISS

Before the court is Defendant Richard Reeder's ("Reeder") Motion to Dismiss [Doc.# 19]. The Government has responded to the motion. Reeder is charged with three counts of endeavoring to influence, intimidate, and impede a court official by making a threatening communication in violation of 18 U.S.C. § 1503. Reeder has moved to dismiss the indictment on four separate grounds. For the reasons stated, the motion is denied.

### I. Standard of Review

A party may move the court under Federal Rule of Criminal Procedure 12(b) to dismiss "any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b). An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment must conform to minimal constitutional standards, and those are met where the indictment alleges every element of the crime charged and in such a way as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in a subsequent proceeding. *U.S. v. Partida*, 385 F.3d 546, 554 (5th Cir. 2004). Evidence outside the

indictment is nor relevant to determining whether the indictment is legally sufficient. *See U.S. v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975).

### A. Non-criminal conduct

Defendant first moves the court to dismiss the indictment because the conduct at issue is, in his words "non-criminal" conduct and does not have the proper nexus to the interfering of due administration of justice. *See U.S. v. Aguilar*, 515 U.S. 592, 599 (1995). Defendant is correct that there need be a proper "nexus" between the conduct at issue and the effect of the conduct. However, Defendant is arguing that his threatening speech had no "nexus" to the bankruptcy trustee's administration of justice, allegedly because of the timing of the threats. That argument is based upon facts outside the indictment and will not be considered by the court at this time. *U.S. v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975). Defendant's first ground to dismiss the indictment is denied.

### B. Constitutionally protected speech

The second and third grounds Defendant moves the court on is that the speech is constitutionally protected by the First Amendment. Defendant first asserts that, even if taken as true, the speech was not a "true threat." The cases cited by Defendant do not support his contention. Whether or not his threat was a "true threat" is a fact issue to be determined by a jury.

Next, Defendant argues, without citing any case, that the definition of "threatening communication" is overbroad and vague, both in violation of the First Amendment. Constitutional vagueness challenges, except those implicating the First Amendment, must be considered in light of the facts of the case. *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988);

*U.S. v. Powell*, 423 U.S. 87, 92 (1975).  However, as Defendant's crime, making a threatening communication, does involve the First Amendment, the statute is examined generally and not on the specific facts of the case.  *Powell*, 423 U.S. at 92.

Section 1503 has been challenged before.  *See U.S. v. Howard*, 569 F.2d 1331 (5th Cir. 1978).  As the Court in Howard noted, there are specific means of obstructing justice within §1503, "while the omnibus clause aims at obstruction of justice itself, regardless of the means used to reach that result."  *Howard*, 569 F.2d at 1334.  The *Howard* Court noted that if the defendant had threatened the officer, the "action would have fallen under the specific language of § 1503."  *Id.* at 1335 n.7.  Once again, Reeder is not challenging the omnibus clause, but rather a specific instance of obstructing justice.  Even if he were making a challenge to the omnibus clause, that has been held constitutional.  *See U.S. v. Reeves*, 752 F.2d 995, 999 (5th Cir. 1985).  The statute has been held constitutional largely because of the specificity in the language (i.e., it only applies to judicial proceedings).  *Howard*, 569 F.2d at 1336 n.9.  The court denies Defendant's constitutional challenge.

**C.  Defendant's mental state**

Whether Defendant had the requisite mental state at the time of the alleged offense is a fact question and the court is not going to consider evidence outside the indictment at this stage in the proceedings.  *U.S. v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975).  Defendant has separately moved the court for a psychiatric exam and the court will decide that issue independently of the motion to dismiss.  Accordingly, the last ground Defendant moves to dismiss the indictment on is denied.

## II.  Conclusion

Defendant has moved to dismiss the indictment on four separate grounds.  The first and fourth grounds would require the court to go outside the indictment, which is not permitted.  The second and third grounds challenge the constitutionality of words in the statute.  That challenge is without merit.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss **[Doc. #19]** is **DENIED**.

So **ORDERED** and **SIGNED** this **31** day of **January, 2006.**

_____

Ron Clark, United States District Judge